# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**TOMMY SMITH, JR.,**

      **Plaintiff,**

      v.                                      USDC Case No.    04-C-0114
                                              USCA Case No.    04-3133

**MOISES GOMEZ,**
**MILWAUKEE POLICE DEPARTMENT,**
**MICHAEL GROGAN,**
**JON SELL,**
**DAWN DAVENPORT,**
**IRVING SUESSKIND,**
**ANDREW RIEDMAIER,**
**WILLIAM LUNDSTROM,**
**DIVISION OF HEARING AND APPEALS, and**
**DIVISION OF COMMUNITY CORRECTIONS,**

      **Defendants.**
_____

## DECISION AND ORDER
_____

      The plaintiff, Tommy Smith Jr., who is incarcerated at Columbia Correctional Institution, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 in Milwaukee County Circuit Court. Defendants Gomez and the Milwaukee Police Department removed the action to this court on January 30, 2004. Upon screening pursuant to 28 U.S.C. § 1915A, the action was dismissed. (July 31, 2004 Order).

On August 13, 2004, the plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the court's July 31, 2004, screening order. The plaintiff also filed a notice of appeal on August 13, 2004. By order of October 26, 2004, the court certified that it would be inclined to grant in part the plaintiff's Rule 60(b) motion if the case were remanded. On December 16, 2004, the United States Court of Appeals for the Seventh Circuit remanded this action pursuant to Circuit Rule 57 for further proceedings. Thus the plaintiff's August 13, 2004, Rule 60(b) motion is now before the court for a determination. This order will also address the plaintiff's second Rule 60(b) motion filed November 24, 2004, and his motion to amend the complaint of the same date.

## I.     Rule 60(b) Motion Filed August 13, 2004

The plaintiff seeks relief from the order dismissing his complaint. (Rule 60(b) Motion Filed August 13, 2004 at 2). He further seeks an order granting his motion for summary judgment which was filed on June 18, 2004. *Id.*

Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should

2

have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Subsection (6) is mutually exclusive of the first three clauses, however; if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision of subsection (6) is not available. *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998).

A Rule 60(b) motion cannot be used as "an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). An appeal, as opposed to a Rule 60(b) motion, is the proper vehicle to redress claimed legal errors, "otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell*, 51 F.3d at 749.

The court previously stated its inclination to grant in part the plaintiff's August 13, 2004, Rule 60(b) motion and to reinstate the plaintiff's § 1983 conspiracy claims against defendants Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier and Lundstrom. (October 26, 2004 Order). As the court explained:

> The court determined that deciding the plaintiff's claims that the defendants conspired to revoke his parole in his favor "would necessarily imply the invalidity of the revocation of the plaintiff's parole." (July 31, 2004 Order at 10). The court concluded, based on the complaint's description of the plaintiff's unsuccessful challenge to his revocation and unsuccessful prior suits, that the plaintiff had not had his revocation overturned or otherwise invalidated as required by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (July 31, 2004 Order at 8-11). Thus, the court dismissed the plaintiff's claims as barred by *Heck*. *Id.* at 11.
> . . .

3

> The plaintiff asserts Rule 60(b)(1) as the basis for relief, contending the court "mistakenly applied" *Heck* to his case. (Motion for Reconsideration at 1). This is also the subject of the plaintiff's appeal. (Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* Filed August 30, 2004 at 1). The plaintiff states that he filed a petition for a writ of habeas corpus concerning the subject revocation, but served the associated time and was released from prison before a decision was rendered. (Motion for Reconsideration at 2). Citing *Spencer v. Kemna*, 523 U.S. 1, 7-18 (1998), the plaintiff argues that *Heck* does not bar his claims. *Id.*
>
> The plaintiff attaches to the motion for reconsideration a copy of a Wisconsin Department of Corrections document indicating that he was released after revocation on November 21, 2000, his mandatory release date. *Id.* at Ex. 101. He also attaches a copy of United States District Judge Lynn Adelman's April 11, 2001, Memorandum and Order in case number 00-C-1186, in which Judge Adelman concludes that *Heck* does not apply to claims, based on the same facts, brought by the plaintiff in that action against David A. Schwarz, the Administrator of the Division of Hearings and Appeals. *Id.* at Ex. 102.

(October 26, 2004 Order at 3-5) (footnote omitted). Based on the more detailed information about his past cases, and based on Judge Adelman's previous determination that claims based on the same facts presented in this action were not *Heck* barred, the court concluded that the plaintiff's § 1983 conspiracy claim was not *Heck* barred. *Id.* at 5.

Notably, because the dismissal of the plaintiff's § 1983 claims was premised on *Heck*, the court did not otherwise screen his claims pursuant to 28 U.S.C. § 1915A. It "is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). The plaintiff arguably states a § 1983 conspiracy claim against defendants Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier and Lundstrom.

4

To the extent the plaintiff's Rule 60(b) motion concerns dismissal of his claims under Wisconsin tort law, §§ 1985 and 1986, and dismissal of all claims against defendants Division of Hearing and Appeals (DHA), Division of Community Corrections (DCC) and Milwaukee Police Department (MPD), it will be denied. The court determined that bases independent of *Heck* existed for dismissing these claims and defendants. (July 31, 2004 Order at 11-13). The plaintiff's August 13, 2004, Rule 60(b) motion did not challenge the grounds for dismissing these defendants and claims. *See* October 24, 2004 Order at 5.

The plaintiff's summary judgment motion was previous denied as moot. (July 31, 2004 Order). The court will not grant the plaintiff summary judgment based on his Rule 60(b) motion. A scheduling order set forth below will guide the parties on discovery and the filing of dispositive motions.

In light of the foregoing, and because the court now has jurisdiction over the matter, the plaintiff's August 13, 2004, Rule 60(b) motion is granted in part and denied in part. The judgment entered on August 2, 2004, will be vacated.[1] That portion of the July 31, 2004, order dismissing the plaintiff's § 1983 conspiracy claim as *Heck* barred will be vacated. He will be allowed to proceed on § 1983 conspiracy claim against defendants Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier and Lundstrom. The plaintiff will not be permitted to proceed on claims under § 1985, § 1986, or Wisconsin tort law, or on any claims against defendants DHA, DCC or MPD.

---

[1] Pursuant to Circuit Rule 57, any party dissatisfied with the judgment as modified must file a fresh notice of appeal.

5

## II.     Rule 60(b) Motion Filed November 24, 2004

On November 24, 2004, the plaintiff filed a second motion under Rule 60(b) challenging the dismissal of his claims asserted under 42 U.S.C. §§ 1985 and 1986. He urges that, independent of his claims being *Heck*-barred, the court's July 31, 2004, order did not provide bases for dismissing the plaintiff's claims under §§ 1985 and 1986. He further asserts that the court was mistaken in dismissing these claims.

The court stated that "even if the plaintiff's claims were not barred by *Heck*, he fails to state a claim under § 1985." (July 31, 2004 Order at 11). Specifically, the court found that the plaintiff failed to allege that the defendants' conduct was motivated by discriminatory animus, but rather had affirmatively alleged a non-discriminatory basis for their conduct. *Id.* Concluding that the plaintiff failed to state a § 1985 claim, it determined that the plaintiff could not proceed on his derivative § 1986 claim. *Id.* at 12.

The plaintiff points to the complaint allegation that he was arrested based on an invalid warrant for the exclusive purpose of providing a reasonable basis for his parole agent to revoke his parole. (Rule 60(b) Motion Filed November 24, 2004 at 2). However, these allegations do not indicate a racial or other class-based discriminatory animus motivated the defendants' conduct. *See Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002), *cert. denied*, 537 U.S. 821 (2002).

6

Rule 60(b) relief is only permitted in limited circumstances. *Russell*, 51 F.3d at 749. The plaintiff has not established his entitlement to relief under the rule. Accordingly, the plaintiff's motion is denied.

**III.    Motion to Amend the Complaint**

On November 24, 2004, the plaintiff filed a motion to amend. The proposed amended complaint asserts as a claim actionable under § 1985(3) and under the Fourth and Fourteenth Amendments adds that the plaintiff was arrested without a warrant. The proposed amended complaint names as defendants: MPD, DHA, DCC, Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier and Lundstrom. The plaintiff indicates that he had previously filed the motion to amend in Milwaukee County Circuit Court before understanding that, following the defendants' filing of a petition for removal, "further pleadings were to be addressed to the U.S.D.C." (Motion to Amend at 2).

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

At the outset, the court notes that defendants MPD, DCC, and DHA are improper parties. The DCC is a division of the Wisconsin Department of Corrections. The DHA is a division of the Wisconsin Department of Administration. The Eleventh Amendment bars action in federal court by private parties seeking to impose liability which must be paid from public funds in the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Moreover, it is well established that 42 U.S.C. § 1983 does not abrogate the Eleventh Amendment immunity of the states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). As a subdivision of the City of Milwaukee, defendant MPD is not a suable entity. *See Castillo v. Cook County Mailroom Dep't*, 990 F.2d 304, 307 (7th Cir. 1993). Moreover, the plaintiff's claims against these defendants are based exclusively on a *respondeat superior* theory of liability, which does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (section 1983 does not create collective or vicarious responsibility). Accordingly, DHA, DCC and MPD are dismissed.

The plaintiff claims that he was "arrested without a warrant or probable cause." (Complaint at 7). The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is

8

made, while due process regulates the period of confinement after the initial determination of probable cause." *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *see also Pyka v. Village of Orland Park*, 906 F. Supp. 1196, 1224-25 (N.D. Ill. 1995).

The reasonableness of an arrest depends "not only on when it is made, but also on how it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985)). Reasonableness under the Fourth Amendment is judged by an objective standard. *Graham*, 490 U.S. at 387. A procedural due process claim requires a "deprivation of constitutional magnitude" effected without due process. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994) (citing *Easter House v. Felder*, 910 F.2d 1387, 1407 (7th Cir. 1990). Taking as true the plaintiff's allegation that he was arrested, detained and had his parole revoked without an arrest warrant or probable cause determination, he has arguably stated Fourth and Fourteenth Amendment claims and will be permitted to proceed.

In again attempting to assert a §1985(3) claim, the plaintiff asserts that the defendants' "using the plaintiff's position as a parolee as grounds for depriving plaintiff of his freedom ... makes plaintiff's position as a parolee sufficient to satisfy the 'otherwise class-base[d]' requirement for conspiracy under § 1985(3)." (Proposed Amended Complaint at 12). The plaintiff relies on *Gaylor v. Thompson*, 939 F. Supp. 1363, 1375 (W.D. Wis. 1996) (quoting *Griffin v. Brekenridge*, 403 U.S. 88 (1971)). *See id.*

9

However, *Gaylor* does not establish that parolees are a class contemplated by § 1985(3) or that allegedly discriminatory conduct directed at parolees on the basis of their parole status will state a claim under § 1985(3). Rather, *Gaylor* concerned an organization promoting the separation of church and state which alleged that state officials conspired to deprive them of their constitutional rights in displaying a banner. *Gaylor*, 939 F. Supp. at 1366. Citing *Griffin*, 403 U.S. 88, the *Gaylor* court concluded that an conspiracy alleged under § 1985(3) must be motivated by "racial or otherwise class-based discriminatory animus." *Gaylor*, 939 F. Supp. at 1376-77. The *Gaylor* plaintiffs were not permitted to proceed on a § 1985(3) claim. *Id.* at 1376. The case cited by the plaintiff does not establish that parolees are a "class" contemplated by § 1985(3). Further, he has not alleged any facts in his proposed amended complaint suggesting a racial or other class-based animus motivated the defendants' conduct.

In sum, the plaintiff's motion to amend the complaint will be granted. The Clerk of Court is directed to file the amended complaint. The plaintiff will only be permitted to proceed on conspiracy, Fourth and Fourteenth Amendment claims under § 1983 against defendants Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier and Lundstrom. The plaintiff will not be permitted to proceed on any claims under §§ 1985(3) or 1986 or on any claims against defendants MPD, DCC or DHA.

The amended complaint supercedes all prior complaints and is the operative complaint. Civil L.R. 15.1 (E. D. Wis.). The plaintiff must serve the amended complaint upon the defendants pursuant to Fed. R. Civ. P. 4. Failure to properly serve any of the defendants may

10

result in dismissal without prejudice of this action as against such defendants. Fed. R. Civ. P. 4(m). A copy of Fed. R. Civ. P. 4, as well as a packet of information concerning service will be provided to the plaintiff with this order.

## ORDER

**IT IS THEREFORE ORDERED** that the judgment entered on August 2, 2004, be vacated.

**IT IS FURTHER ORDERED** that the plaintiff's Rule 60(b) motion (docket # 33) is granted in part and denied in part. The portion of the court's July 31, 2004, order dismissing the plaintiff's § 1983 conspiracy claim as *Heck* barred is vacated. The plaintiff's Rule 60(b) motion is denied with respect to his request for summary judgment.

**IT IS FURTHER ORDERED** that the plaintiff's Rule 60(b) motion (docket # 39) is denied.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (docket # 40) is granted. The Clerk of Court is directed to file the amended complaint.

**IT IS FURTHER ORDERED** that the plaintiff may proceed on conspiracy, Fourth and Fourteenth Amendment claims under § 1983.

**IT IS FURTHER ORDERED** that the plaintiff's claims under §§ 1985(3) and 1986 are dismissed.

**IT IS FURTHER ORDERED** that defendants Milwaukee Police Department, Division of Community Corrections and Division of Hearings and Appeals are dismissed.

11

**IT IS FURTHER ORDERED** that the plaintiff shall serve defendants Grogan and Sell pursuant to Fed. R. Civ. P. 4. Failure to properly serve defendants Grogan and Sell may result in dismissal without prejudice of this action as against them. Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that a copy of Fed. R. Civ. P. 4 and a service packet be mailed to the plaintiff along with this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2005.

                                      **SO ORDERED,**

                                      s/ Rudolph T. Randa
                                      **HON. RUDOLPH T. RANDA**
                                      **Chief Judge**