# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TOMMY SMITH, JR.,

        Plaintiff,

    v.                                 Case No. 04-C-114

MOISES GOMEZ, MICHAEL GROGAN,
JON SELL, DAWN DAVENPORT,
IRVING SUESSKIND, ANDREW RIEDMAIER,
and WILLIAM LUNDSTROM,

        Defendants.

_____

## DECISION AND ORDER

_____

        The plaintiff, Tommy Smith, Jr., who is incarcerated at Columbia Correctional Institution, lodged this *pro se* civil rights claim pursuant to 42 U.S.C. § 1983. He has filed a motion for summary judgment and two motions to proceed *in forma pauperis*, which will be addressed herein.

### I. FACTUAL BACKGROUND

        The plaintiff filed his complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 in Milwaukee County Circuit Court. Defendants Gomez and the Milwaukee Police Department removed the action to this court on January 30, 2004. Upon screening pursuant to 28 U.S.C. § 1915A, the action was dismissed.

        On August 13, 2004, the plaintiff filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), and a notice of appeal with the United States Court of

Appeals for the Seventh Circuit.  By order of October 26, 2004, this court indicated that it would be inclined to grant the plaintiff's Rule 60(b) motion, and on December 16, 2004, the Seventh Circuit remanded this action for further proceedings.

On April 25, 2005, the plaintiff was permitted to proceed on his conspiracy, Fourth and Fourteenth Amendment claims under § 1983 against defendants Gomez, Grogan, Sell, Davenport, Suesskind, Riedmaier, and Lundstrom.  The plaintiff's claims under §§ 1985(3) and 1986 were dismissed; defendants Milwaukee Police Department (MPD), Division of Community Corrections (DCC), and the Division of Hearings and Appeals (DHA) were also dismissed.

**A. Plaintiff's Motion for Summary Judgment**

On April 29, 2005, the plaintiff filed a motion for summary judgment. On May 6, 2005, Assistant Attorney General Moua filed a letter informing the court that the plaintiff's submission "cannot be considered a properly filed motion for summary judgment." Subsequently, on May 12, 2005, Assistant City Attorney Lappen also filed a letter with the court, joining in the arguments presented in attorney Moua's letter.

Attorney Moua asserts that:

First, the plaintiff has failed to develop any legal arguments in his brief in support of his motion.  The plaintiff fails to develop any legal theory whatsoever.  Second, plaintiff's motion is completely devoid of any substance and violates Civil L.R. 7.1. Third, the plaintiff has filed no affidavit in support of his motion.  There is absolutely no sworn testimony whatsoever. Fourth, the plaintiff has failed to certify some of his exhibits.  It is unclear where or from whom the plaintiff's exhibits came.

In addition, this Court's April 15, 2005 order (pages 10-11) states, 'The plaintiff must serve the amended complaint upon the

- 2 -

defendants pursuant to Fed.R.Civ.P. 4. Failure to properly serve any of the defendants may result in dismissal without prejudice of this action as against such defendants. Fed.R.Civ.P. 4(m).' The plaintiff in this case has not provided proof of service of his amended complaint on any of the state defendants in this case. Additionally, this Court's April 25, 2005, order (page 10) states, 'The amended complaint supercedes all prior complaints and is the operative complaint.' Since the plaintiff has not served his amended complaint on any of the state defendants there has been no answer by any state defendants to plaintiff's amended complaint. It should also be noted that there is no scheduling order in this case yet.

(D.'s Letter, May 5, 2005 at 1-2).

The plaintiff's motion for summary judgment does not reference any admissible evidence in a proper form under Civil L.R. 56.2, which provides in relevant part:

Motions for summary judgment must comply with Fed.R.Civ.P. 56 and Civil L.R. 7.1. In addition, with the exception of Social Security reviews, the following requirements must be met:

(a)    Motion. The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination or (1) and (2).

(1)    The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.

(2)    Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

Civil L.R. 56.2(a) (E.D. Wis.).

- 3 -

Review of the plaintiff's motion for summary judgment reveals that it fails to comply with the Local Rules and the Federal Rules of Civil Procedure. Specifically, he does not include any proposed findings of fact, nor does he provide any sworn testimony. Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the attorney represented litigant...pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). Based on the foregoing, the plaintiff's motion for summary judgment will be denied.

The court notes that all defendants have been served with the amended complaint. To the extent counsel for the defendants contend that defendant Grogan has not been properly served, a review of the docket reveals that on June 6, 2005, a summons was served on Emily Hardiman on behalf of defendant Grogan. (Docket # 58).

**B. Plaintiff's Motions to Proceed *In Forma Pauperis***

On June 21, 2005, and July 22, 2005, the plaintiff moved this court to permit him to proceed *in forma pauperis*. Generally, a prisoner plaintiff is required to pay the $250 filing fee to initiate an action in this court. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. However, in this case, the filing fee was paid when this action was removed to federal court on January 30, 2004. (Docket # 1). Accordingly, the plaintiff's motions to proceed *in forma pauperis* are denied as moot.

As a final matter, defendants Davenport, Suesskind, Riedmaier and Lundstrom ("state defendants") have filed a motion to dismiss, and defendants Sell and Gomez have filed a

motion for summary judgment. The plaintiff's response to the state defendants' motion is due on or before **December 29, 2005**, and the plaintiff's response to defendants Sell and Gomez's motion is due on or before **January 20, 2006**.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket # 49) be and the same is hereby **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket # 59) be and the same is hereby **denied as moot.**

**IT IS ALSO ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket # 60) be and the same is hereby **denied as moot.**

**IT IS ALSO ORDERED** that the plaintiff's response to the state defendants' motion to dismiss is due on or before **December 29, 2005.** The plaintiff's response to defendants Sell and Gomez's motion for summary judgment is due on or before **January 20, 2006.**

Dated at Milwaukee, Wisconsin this 22nd day of December, 2005.

**SO ORDERED:**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**