UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TOMMY SMITH, JR.,**

        **Plaintiff,**

        -vs-                                                     Case No. 04-C-0114

**MICHAEL GROGAN and JON SELL,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Tommy Smith, Jr., filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Currently pending are a motion to dismiss filed by defendant Michael Grogan and a motion for summary judgment filed by defendant Jon Sell. Both applications will be addressed herein.

### I. DEFENDANT SELL'S MOTION FOR SUMMARY JUDGMENT

Defendant Sell filed a motion for summary judgment on March 1, 2007. As grounds for his motion, defendant Sell asserts that he was not personally involved in the alleged constitutional violations. In response, the plaintiff avers that defendant Sell conspired to revoke his parole, thereby causing him to be reincarcerated.

**A.**        **Factual Background**

The plaintiff filed this *pro se* civil rights action in Milwaukee County Circuit Court on December 3, 2004. Although it was removed to this court on January 30, 2004, the

case was dismissed on July 31, 2004, as being barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, on August 13, 2004, the plaintiff filed a Rule 60(b) motion for relief from judgment and a notice of appeal with the Court of Appeals for the Seventh Circuit.

On October 26, 2004, this court indicated that it would be inclined to grant the plaintiff's Rule 60(b) motion if the case was remanded. On April 25, 2005, the plaintiff's Rule 60(b) motion was granted and he was permitted to amend the complaint. Also on that date, the plaintiff was directed to serve defendants Michael Grogan and Jon Sell.

On September 29, 2006, the summary judgment motion filed by defendants Moises Gomez, Jon Sell, Michael Grogan and the Milwaukee Police Department was granted in part and denied in part. Specifically, the Milwaukee Police Department was dismissed because it had been terminated as a defendant on April 25, 2005, and defendant Gomez was dismissed under the doctrine of qualified immunity. However, the court denied summary judgment as to defendants Grogan and Sell because defendant Grogan failed to demonstrate lack of personal jurisdiction and defendant Sell failed to show that he was not personally involved in the alleged wrongdoing.

Defendant Grogan filed a motion to dismiss on February 20, 2007, and defendant Sell filed a motion for summary judgment on March 1, 2007. The defendants' motions are fully briefed and ready for disposition.

2

B.     **Summary Judgment Standard**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id*.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id*. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id*. at 325. Once the moving party's initial burden is met, the

3

nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**C.      Relevant Undisputed Facts**

On February 24, 1999, the plaintiff was arrested for being a felon in possession of a firearm and attempted armed robbery. (Affidavit of Moises Gomez [Gomez Aff.] ¶¶ 27-28). The arrest stemmed from a February 3, 1999, incident in which a 9 millimeter black Lorcin model L handgun was recovered at the scene of an unsuccessful armed robbery. (Gomez Aff. ¶¶ 6-7). A search of the serial number of the handgun revealed that it was registered to the plaintiff's cousin, Sharon D. Lewis. (Gomez Aff. ¶ 12).

On February 17, 1999, defendant Gomez contacted Ms. Lewis. (Gomez Aff. ¶ 12). Lewis initially told defendant Gomez that she owned the handgun and that it had been stolen. *Id*. However, Lewis later said that she purchased the gun for the plaintiff because

4

he could not due to his status as a convicted felon. (Gomez Aff. ¶ 13). Lewis stated that the plaintiff accompanied her to the store on February 8, 1999, when the gun was ordered, and returned with her to pick it up on February 10, 1999. (Gomez Aff. ¶ ¶ 15). Lewis indicated that the plaintiff paid her for the gun. (Gomez Aff. ¶ 16).

The plaintiff told Lewis to hide the gun under a ceiling tile in her bedroom. (Gomez Aff. ¶¶ 17-18). On February 12, 1999, the plaintiff retrieved the gun from Lewis' home. (Gomez Aff. ¶ 19).

On February 14, 1999, an individual known as "Mike G" told Lewis that the gun she had purchased for the plaintiff had been lost during an attempted car robbery. (Gomez Aff. ¶ 20). Lewis informed defendant Gomez that the plaintiff and Mike G were members of the Gangster Disciples gang. (Gomez Aff. ¶ 22).

Based on the information collected from Lewis, defendant Gomez determined that the plaintiff should be arrested for being a felon in possession of a firearm and attempted armed robbery. (Gomez Aff. ¶ ¶ 27-28). The plaintiff was arrested without incident on February 24, 1999. (Gomez Aff. ¶ 28).

Defendant Jon Sell was employed as a detective with the Milwaukee Police Department at all times relevant. (Affidavit of Jon Sell [Sell Aff.] ¶ 1). Defendant Sell was involved with the investigation leading up to the plaintiff's arrest. (Sell Aff. ¶ 4). However, defendant Sell did not make the decision to arrest the plaintiff. (Sell Aff. ¶ 5). Moreover, defendant Sell did not participate in the plaintiff's February 24, 1999, arrest. (Sell Aff. ¶ 6).

5

Pursuant to Milwaukee Police Department protocol, defendant Sell may have notified the plaintiff's probation and parole agent, Dawn Davenport, of his involvement with the events under investigation. (Sell Aff. ¶ ¶ 7-8).[1] However, defendant Sell was not involved in any action relating to the revocation of the plaintiff's parole. (Sell Aff. ¶ 8).

**D.     Analysis**

The plaintiff alleges that defendant Sell contacted his parole agent to request that his parole be revoked, thereby causing him to be reincarcerated. (Amend. Compl. at 3). The plaintiff further avers that these actions were taken as part of a conspiracy between defendant Sell and the plaintiff's parole agent. *Id*.

### 1.     Parole Revocation Claim

Defendant Sell contends that he was not involved in the decision to revoke the plaintiff's parole. Section 1983 does not create a claim based on collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). This means that an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: (a) he or she participates directly in the constitutional deprivation; (b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights; or (c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or

---

[1]Dawn Davenport was dismissed on September 29, 2006, under the doctrine of absolute immunity. (*See* Order of Sept. 29, 2006, at 24-25).

6

with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

The plaintiff avers that defendant Sell contacted his parole agent to request a parole hold. In support of his assertion, the plaintiff relies on an undated memo from defendant Grogan to defendant Sell, which states that "if [defendant Sell] can get [plaintiff's] agent to put a hold on him, please notify the bureau." (Amend Compl. Ex. A at 4). The court notes that the plaintiff's proffered evidence is not admissible. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006)(to be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Fed.R.Civ.P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence)(internal citations omitted). Regardless, the plaintiff's agent testified that a parole hold is issued when an individual violates the terms of his or her probation, and not upon the request of the police. (Amend. Compl. Ex. B at 36). Specifically, the plaintiff's agent stated that, with regard to the decision to revoke his parole, "[i]t was not driven by the police" and "the police didn't make that decision for us." *Id.* at 37.

The plaintiff also appears to rely on defendant Sell's March 1, 2007, affidavit as grounds for his assertion that defendant Sell was responsible for revoking his parole. (*See* Pl.'s Mar. 20, 2007, Response at 2). However, defendant Sell's affidavit merely indicates that he contacted the plaintiff's parole agent to notify her that the plaintiff was the subject of a criminal investigation. (See Sell Aff. ¶ 7). In light of the foregoing, the plaintiff has

7

provided no evidence to support his claim that defendant Sell was personally involved in the revocation of his parole. "It is well-settled that conclusory allegations...without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002)(citing *Patterson v. Chi. Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998)). Therefore, defendant Sell's motion for summary judgment will be granted as to this claim.

### 2. Conspiracy

The plaintiff avers that defendant Sell conspired with the plaintiff's parole agent to revoke his parole. However, conspiracy is not an independent basis of liability in §1983 actions. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 1982)("there is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution")(internal citation and quotation omitted); *see also Lewis v. Washington*, No. 04-3799 (7th Cir. Apr. 28, 2006)(district court erred in purporting to make separate decision as to conspiracy and access to the courts claims where there was no denial of access to the courts). In other words, "[s]ection 1983 does not...punish conspiracy." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Therefore, dismissal of the plaintiff's parole revocation claim forecloses relief on his conspiracy claim. Accordingly, defendant Sell's motion for summary judgment will be granted.

8

## II. DEFENDANT GROGAN'S MOTION TO DISMISS

Defendant Grogan filed a motion to dismiss on February 20, 2007. In support of his motion, defendant Grogan contends that he has not been properly served, and consequently, this court lacks personal jurisdiction over him. The plaintiff contends that personal jurisdiction has been satisfied because defendant Grogan was served on June 6, 2005, and January 19, 2006.

### A.        Preliminary Matters

Defendant Grogan has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his motion, defendant Grogan submits his own affidavit. Defendant Grogan also submits his letters to Milwaukee Police Chief Nanette Hegerty and Milwaukee Assistant City Attorney Susan Lappen.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must focus on the pleadings of the parties. If "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b).

In this case, defendant Grogan has filed an affidavit in support of his motion. Thus, the motion to dismiss is properly treated as a motion for summary judgment. However, a district court cannot properly rule upon a motion for summary judgment without

9

providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). This means that a *pro se* prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond to a motion for summary judgment or to a motion to dismiss supported by affidavits. *Id.*

In this case, counsel for defendant Grogan provided the plaintiff with the required notice statement. The plaintiff was also provided with the text of the Federal Rules of Civil Procedure 56(e) and (f), as well as Civil Local Rules 7.1, 56.1 and 56.2 (E.D. Wis.). Accordingly, the court finds that the plaintiff has been given notice and a fair opportunity to present counter-affidavits or other evidence in opposition to the defendant's motion.

**B.     Relevant Undisputed Facts**

According to the plaintiff's amended complaint, defendant Grogan caused the plaintiff to be subjected to an unlawful arrest, detention and parole revocation, thereby violating his rights under the Fourth and Fourteenth Amendments. (Amended Complaint at 2-3). On April 25, 2005, the amended complaint was screened and the plaintiff was directed to serve defendant Grogan. (*See* Order of Apr. 25, 2005, at 12).

On June 8, 2005, defendant Grogan received the summons and amended complaint from a union representative. (Affidavit of Michael A. Grogan [Grogan Aff.] ¶ 4). And, on or about January 19, 2006, defendant Grogan was sent a summons and amended complaint at his home address via United States mail. (Grogan Aff. ¶ 5). The return address

10

on these documents indicated that they were mailed to him from the Madison Police Department. *Id*.

On two separate occasions a representative of the Madison Police Department received a copy of the summons and amended complaint from a representative of the Dane County, Wisconsin Sheriff's Department. *Id*. However, defendant Grogan has never authorized any representative of the Madison Police Department to accept service on his behalf. *Id*.

**C.        Analysis**

Defendant Grogan contents that the June 6, 2005, summons was deficient under Federal Rule of Civil Procedure 4(e)(2), which provides that service upon an individual living in the United States may be accomplished,

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

In the present case, it is undisputed that Emily Hardiman was not authorized to accept service on behalf of defendant Grogan on June 6, 2005. Accordingly, the summons executed on June 6, 2005, is deficient under Rule 4(e).

In response to defendant Grogan's December 21, 2005, assertion that he had not been properly served, another attempt at service was made on January 19, 2006, when

11

a summons and amended complaint were mailed to defendant Grogan at his home. It is unclear whether defendant Grogan was sent a waiver of service of summons or a summons. In the event defendant Grogan was mailed a waiver of service under Fed.R.Civ.P. 4(d), he failed to comply with the waiver request. If, however, defendant Grogan was sent a summons, service by mail was not proper. *See* Fed.R.Civ.P. 4(e). Thus, the January 19, 2006, attempt at service is also deficient.

However, inasmuch as the plaintiff made at least two attempts to serve defendant Grogan, and he was not informed why these attempts were deficient until February 20, 2007, when this motion was filed, the court is persuaded that good cause exists for the court to grant an extension of time for him to effectuate service of process on defendant Grogan.[2] *See Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)("Good cause" means a valid reason for delay, such as the defendant's evading service). Accordingly, the motion to dismiss filed by defendant Grogan will be denied.

Given that this case has been pending for more than three years, however, the court will give defendant Grogan an opportunity to waive any personal jurisdiction objection he may have prior to the court granting an extension of time pursuant to Rule 4(m). Thus, on or before **June 4, 2007**, defendant Grogan is ordered to file a letter indicating: (1) whether he waives any objection to personal jurisdiction; (2) whether he intends to file another

---

[2] Although defendant Grogan previously asserted a claim of lack of personal jurisdiction, he never indicated why the June 6, 2005, summons was deficient. Specifically, the December 21, 2005, motion for summary judgment filed by Gomez, Sell and Grogan stated only that "Officer Grogan has not been properly served in this action." (D.s' Dec. 21, 2005, Mot. for Summ. Judg. at 2 ).

12

dispositive motion; and (3) if so, when the court can expect to receive such motion. If defendant Grogan does not wish to waive any personal jurisdiction objection, then the court will extend the time for service pursuant to Rule 4(m) and order the United States Marshal's Service to properly serve defendant Grogan.

**IT IS THEREFORE ORDERED** that the motion for summary judgment filed by defendant Jon Sell (Doc. # 97) is **granted.**

**IT IS FURTHER ORDERED** that the motion to dismiss filed by defendant Michael Grogan (Doc. # 95) is **denied.**

**IT IS ORDERED** on or before **June 4, 2007**, defendant Grogan is ordered to file a letter indicating: (1) whether he waives any objection to personal jurisdiction; (2) whether he intends to file another dispositive motion; and (3) if so, when the court can expect to receive such motion. If defendant Grogan does not wish to waive any personal jurisdiction objection, then the court will extend the time for service pursuant to Rule 4(m) and order the United States Marshal's Service to properly serve defendant Grogan.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**