# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMY SMITH, JR.,

          Plaintiff,

      -vs-                      Case No.   04-C-0114

MICHAEL GROGAN,

          Defendant.

## DECISION AND ORDER

Plaintiff, Tommy Smith, Jr., filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* on Fourth and Fourteenth Amendment claims and a conspiracy count. This matter comes before the court on the motion for summary judgment filed by defendant Michael Grogan and the plaintiff's motion for reconsideration. Both applications will be addressed herein.

### I. DEFENDANT GROGAN'S MOTION FOR SUMMARY JUDGMENT

Defendant Grogan filed a motion for summary judgment on June 12, 2007. In support of his motion, defendant Grogan states: (1) that he was not personally involved in the alleged constitutional violations; and (2) he is entitled to qualified immunity. In response, the plaintiff avers that defendant Grogan arrested him without probable cause and conspired to revoke his parole.

**A.      Factual Background**

The plaintiff filed this *pro se* civil rights action in Milwaukee County Circuit Court on December 3, 2004. Although the case was removed to this court on January 30, 2004, it was subsequently dismissed on July 31, 2004, as being barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, on August 13, 2004, the plaintiff filed a Rule 60(b) motion for relief from judgment and a notice of appeal with the Court of Appeals for the Seventh Circuit.

On October 26, 2004, this court indicated that it would be inclined to grant the plaintiff's Rule 60(b) motion if the case were remanded. On April 25, 2005, the plaintiff's Rule 60(b) motion was granted and he was permitted to amend the complaint. Also on that date, the plaintiff was directed to serve defendants Michael Grogan and Jon Sell.

On September 29, 2006, the summary judgment motion filed by defendants Moises Gomez, Jon Sell, Michael Grogan and the Milwaukee Police Department was granted in part and denied in part. Specifically, the Milwaukee Police Department was dismissed because it had been terminated as a party on April 25, 2005, and defendant Gomez was dismissed under the doctrine of qualified immunity. However, the court denied summary judgment as to defendants Grogan and Sell because Grogan failed to demonstrate lack of personal jurisdiction and Sell did not show lack of personal involvement.

Defendant Grogan filed a motion to dismiss on February 20, 2007, and defendant Sell filed a motion for summary judgment on March 1, 2007. By order dated May

2

23, 2007, defendant Sell's motion was granted because the court found that he was not personally involved in the alleged wrongdoing. That same date, defendant Grogan's motion for summary judgment on grounds that he was never properly served was denied because the court found that good cause existed to extend the time for service of Grogan. On June 21, 2007, defendant Grogan filed a second motion for summary judgment, which is fully briefed and ready for resolution.

**B.        Summary Judgment Standard**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id*.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When

3

the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. *Id.* at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id.* at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id.* at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

4

C.        **Relevant Undisputed Facts**[1]

On February 24, 1999, the plaintiff was arrested for being a felon in possession of a firearm and attempted armed robbery. (Affidavit of Moises Gomez [Gomez Aff.] ¶¶ 27-28). The arrest stemmed from a February 3, 1999, incident in which a 9 millimeter black Lorcin model L handgun was recovered at the scene of an unsuccessful armed robbery. (Gomez Aff. ¶¶ 6-7). A search of the serial number of the handgun revealed that it was registered to the plaintiff's cousin, Sharon D. Lewis. (Gomez Aff. ¶ 12).

On February 17, 1999, defendant Gomez contacted Ms. Lewis. (Gomez Aff. ¶ 12). Lewis initially told defendant Gomez that she owned the handgun and that it had been stolen. *Id*. However, Lewis later said that she purchased the gun for the plaintiff because he could not due to his status as a convicted felon. (Gomez Aff. ¶ 13). Lewis stated that the plaintiff accompanied her to the store on February 8, 1999, when the gun was ordered, and returned with her to pick it up on February 10, 1999. (Gomez Aff. ¶ ¶ 15). Lewis indicated that the plaintiff paid her for the gun. (Gomez Aff. ¶ 16).

The plaintiff told Lewis to hide the gun under a ceiling tile in her bedroom. (Gomez Aff. ¶¶ 17-18). On February 12, 1999, the plaintiff retrieved the gun from Lewis' home. (Gomez Aff. ¶ 19).

On February 14, 1999, an individual known as "Mike G" told Lewis that the gun she had purchased for the plaintiff had been lost during an attempted car robbery.

---

[1]The facts in this section are derived from the plaintiff's sworn amended complaint and exhibits to the extent they are undisputed as well as the defendants' exhibits and affidavits to the extent they are undisputed.

5

(Gomez Aff. ¶ 20). Lewis informed defendant Gomez that the plaintiff and Mike G were members of the Gangster Disciples gang. (Gomez Aff. ¶ 22).

Based on the information collected from Lewis, defendant Gomez determined that the plaintiff should be arrested for being a felon in possession of a firearm and attempted armed robbery. (Gomez Aff. ¶ ¶ 27-28). The plaintiff was arrested without incident on February 24, 1999. (Gomez Aff. ¶ 28).

Defendant Michael Grogan was employed as a detective with the Milwaukee Police Department at all times relevant. (Affidavit of Michael Grogan [Grogan Aff.] ¶ 1). Defendant Grogan was involved with the investigation leading up to the plaintiff's arrest. (Grogan Aff. ¶ 4). However, defendant Grogan did not make the decision to arrest the plaintiff. (Grogan Aff. ¶ 5). Moreover, defendant Grogan did not participate in the plaintiff's February 24, 1999, arrest. (Grogan Aff. ¶ 6).

At the time of the plaintiff's arrest, it was standard procedure to notify probation and parole agents whenever an individual under their supervision was taken into police custody relative to a crime. (Grogan Aff. ¶ 8). Pursuant to this protocol, defendant Grogan may have directed defendant Sell to notify the plaintiff's probation and parole agent, Dawn Davenport, of the plaintiff's involvement with the events under investigation. (Grogan Aff. ¶ ¶ 7-8).[2] However, defendant Grogan did not have any contact with Davenport. (Grogan Aff. ¶ 9). Moreover, defendant Grogan did not make any decision concerning the

---

[2] Dawn Davenport was dismissed from this action on September 29, 2006. (*See* Order of Sept. 29, 2006, at 24-25).

6

plaintiff's parole. (Grogan Aff. ¶ 9). Instead, parole decisions are made solely by, and at the discretion of, the parole agent. *Id*.

**D.      Analysis**

The plaintiff alleges that defendant Grogan arrested him for possession of a firearm without a warrant or probable cause and directed defendant Sell to contact his parole agent to request a parole hold, thereby causing him to be reincarcerated. (Amended Complaint at 4). The plaintiff further avers that these actions were taken as part of a conspiracy between defendants Grogan and Sell. *Id*. at 5.

### 1.      Unlawful Arrest Claim

Defendant Grogan asserts that he is entitled to summary judgment on the plaintiff's unlawful arrest claim for the following reasons: (1) he was not personally involved in the plaintiff's arrest; (2) the arrest was supported by probable cause; and (3) he is entitled to qualified immunity.

First, defendant Grogan states that he did not personally participate in the plaintiff's arrest. Section 1983 does not create a claim based on collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). This means that an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: (a) he or she participates directly in the constitutional deprivation; (b) acts or

7

fails to act with reckless disregard of the plaintiff's constitutional rights; or (c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

In the present case, the parties dispute defendant Grogan's involvement in the plaintiff's arrest. For his part, the plaintiff alleges that defendant Grogan arrested him on February 24, 1999. On the other hand, defendant Grogan asserts that he played no part in making the decision to arrest the plaintiff or the actual arrest itself. However, defendant Grogan concedes that he was involved with the investigation leading up to the arrest. Based on this, there is a genuine issue of material fact as to whether defendant Grogan was personally involved in the plaintiff's arrest for purposes of § 1983. Therefore, the court declines to grant defendant Grogan's motion for summary judgment on this ground.

Next, defendant Grogan asserts that the plaintiff's arrest was supported by probable cause. Whether the plaintiff's arrest was valid depends on whether the defendants had probable cause to execute the arrest. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see also Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)(the existence of probable cause precludes a § 1983 suit for false arrest). Probable cause to arrest exists when, at the time of the arrest, the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent person to believe that an offense was committed. *United States v. Sawyer*, 224 F.3d 675, 678, 79 (7th

8

Cir. 2002). Courts evaluate probable cause not from the perspective of an omniscient observer but on the facts as they would have appeared to a reasonable person in the position of the arresting officer. *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992).

As discussed in this court's order dated September 29, 2006, viewing all the evidence in the light most favorable to the plaintiff, a reasonable police officer could have believed that probable cause existed to warrant the arrest. Specifically, it was established that: (1) the gun recovered matched the serial number of the gun owned by Lewis; (2) Lewis is the plaintiff's cousin; (3) Lewis indicated that the plaintiff paid for the gun; (4) the plaintiff took the gun from Lewis' home; and (5) Mike G told Lewis that the gun had been lost during an attempted armed robbery during the early morning hours of February 12, 1999.

Based on the foregoing, the court finds that the plaintiff's February 24, 1999, arrest was not unlawful. *See Beck,* 379 U.S. at 91; *Mustafa,* 442 F.3d at 547. Accordingly, defendant Grogan's motion for summary judgment will be granted as to this claim.[3]

### 2. Parole Revocation Claim

The plaintiff alleges that defendant Grogan violated his due process rights when he directed defendant Sell to contact the plaintiff's parole agent, Dawn Davenport, to request a parole hold. In response, defendant Grogan argues: (1) that he did not personally

---

[3] Because the court has determined that no Fourth Amendment violation occurred, it is unnecessary to consider whether defendant Grogan is entitled to qualified immunity. *See Phillips v. City of Milwaukee*, 123 F.3d 586, 597(7th Cir. 1997)(citing *Kraushaar v. Flanigan*, 45 F.3d 1040, 1049 n. 4 (7th Cir. 1995)).

9

contact Davenport; and (2) the decision to revoke the plaintiff's parole was made solely by his parole agent.

It is undisputed that at the time of the plaintiff's arrest, it was standard procedure to contact a parole agent when an individual under their supervision was involved in a police investigation. Pursuant to this policy, defendant Grogan may have requested that defendant Sell contact Dawn Davenport to inform her of the plaintiff's alleged involvement in the February 3, 1999, attempted armed robbery. However, defendant Grogan did not personally speak with Dawn Davenport. Moreover, Davenport's decision to revoke the plaintiff's parole was made because he violated the terms of his parole, and not because it was requested by the police department.

The plaintiff avers that defendant Grogan went beyond the standard procedure and asked defendant Sell to request that Dawn Davenport put a parole hold on him. As discussed above, an official satisfies the personal involvement requirement if: (a) he or she participates directly in the constitutional deprivation; (b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights; or (c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith,* 761 F.2d at 369; *Crowder,* 687 F.2d at 1005.

In essence, the plaintiff argues that the conduct that deprived him of his due process rights (revocation of his parole) occurred at defendant Grogan's direction. However, it is undisputed that the decision to revoke the plaintiff's parole was made because defendant

10

Davenport believed that he violated the terms of his parole and not because it was requested by defendant Grogan.

Other than a bald assertion, the plaintiff has presented no evidence that defendant Grogan's actions had any effect on the decision to revoke his parole. "It is well-settled that conclusory allegations...without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002)(citing *Patterson v. Chi. Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998)). Therefore, the court is not persuaded that defendant Grogan was personally involved in the decision to revoke the plaintiff's parole. Accordingly, defendant Grogan's motion for summary judgment will be granted as to this claim.

### 3. Conspiracy Claim

Finally, the plaintiff maintains that defendants Grogan and Sell conspired to violate his rights under the Fourth and Fourteenth Amendments. Conspiracy is not an independent basis for liability in § 1983 actions. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 1982)("there is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution.")(internal citation and quotation omitted); *see also Lewis v. Washington*, No. 04-3799 (7th Cir. Apr. 28, 2006)(holding that district court erred in purporting to make a separate decision as to conspiracy and access to the courts claims where there was no denial of access to the courts). In other words, "[s]ection 1983 does not...punish conspiracy." *Goldschmidt v. Patchett*, 686 F.2d 582, 585

11

(7th Cir. 1982). Therefore, dismissal of the plaintiff's Fourth and Fourteenth Amendment claims forecloses relief on his conspiracy claim. Accordingly, defendant Grogan's motion for summary judgment will be granted.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

On June 1, 2007, the plaintiff filed a motion for reconsideration of this court's order granting defendant Sell's motion for summary judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In the present case, the plaintiff has not submitted newly discovered evidence. Nor does he argue that the court committed a manifest error of law. Rather, the plaintiff

12

asserts that his parole revocation claim was dismissed as moot, and not for lack of evidence. This is incorrect. The plaintiff's revocation claim against defendant Sell was dismissed for lack of personal involvement and the revocation claim against defendants Davenport, Suesskind, Riedmaier and Lundstrom was dismissed under the doctrine of absolute immunity. (*See* Order of May 23, 2007, at 6-8; Order of Sept. 29, 2006, at 23-27). Furthermore, it is unclear how this argument demonstrates that the plaintiff is entitled to reconsideration.

Next, the plaintiff submits that dismissal of the conspiracy claim against defendant Sell was improper. In support of his proposition, the plaintiff relives on *Gaylor v. Thompson*, 939 F. Supp. 1363, 1375 (W.D. Wis.). In *Gaylor*, United States District Judge Barbara B. Crabb held that without showing that they had been deprived of a constitutional right, the plaintiffs could not succeed on a § 1983 conspiracy claim. *Id*. Similarly, the plaintiff in the present case has been precluded from showing that defendant Grogan conspired to deprive him of a constitutional right because the court has found that no constitutional violations occurred. Thus, the plaintiff's motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that defendant Grogan's motion for summary judgment (Docket # 111) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (Docket # 106) is **denied.**

13

**IT IS FURTHER ORDERED** that this action is **dismissed.**

**IT IS FURTHER ORDERED** that Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2007.

        **SO ORDERED,**

        s/ Rudolph T. Randa

        **HON. RUDOLPH T. RANDA**
        **Chief Judge**